UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. STORMAN, | No. 2:21-cv-00380 KJM AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CA ALTA REGIONAL CENTER, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff brings this case against CA Alta Regional Center as "an appeal of a denial of eligibility for services." ECF No. 1 at 1. Plaintiff asserts that he is a developmentally disabled person with autism, Tourette's syndrome, and other chronic conditions who was improperly denied services by decisions in 2019 and November 2020. ECF No. 1 at 1-2. Plaintiff filed a complaint against the same defendant on the same grounds on May 5, 2020; that complaint is

currently pending in this district.  Storman v. Alta Regional Center, 2:20-cv-00907 KJM CKD (E.D. CA 2020) ("Storman I").

### B. Analysis

This complaint must be dismissed with prejudice because it is duplicative of another ongoing case in this district, Storman I.  The district court has the power to control its docket, including the power to dismiss claims that are duplicative of claims presented in other cases. M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (affirming district court's dismissal of claim presented in a separate case).

> To determine whether a suit is duplicative, we borrow from the test for claim preclusion.  As the Supreme Court stated in The Haytian Republic, [154 U.S. 118, 124 (1894)] "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit."...

Adams v. California Dep't of Health Servs., 487 F.3d 684, 688–689 (9th Cir. 2007) (overruled on other grounds Taylor v. Sturgell, 553 U.S. 880 (2008)).

The Ninth Circuit clarified in Adams that "in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."  Id.  "A suit is deemed duplicative if the claims, parties and available relief do not vary significantly between the two actions."  Shappell v. Sun Life Assur. Co., No. 2:10-cv-03020 MCE, 2011 WL 2070405, at *2 (E.D. Cal. May 23, 2011). To assess whether successive causes of action are the same, courts utilize the "transaction test, " which requires consideration of four criteria: 1) whether the rights or interests established in the initial action would be impaired by prosecution of a second suit; 2) whether substantially the same evidence would be presented in both actions; 3) whether both suits involve infringement of the same right; and 4) whether both suits arise out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982).  The last factor has been deemed the most important.  Id. at 1202.

Here, all elements of the test are satisfied.  As a preliminary matter, the defendants in each of plaintiff's cases are identical.  Compare, Storman I, ECF No. 1 at 1 and the instant case

("Storman II"), ECF No. 1 at 1. Further, Storman I and Storman II arise out of the same incident: the alleged denial of services beginning in 2019. Storman I, ECF No. 1 at 1-2; Storman II, ECF No. 1 at 2. Because both cases arise out of the same incident and involve the same parties, the cases arise from the same transactional nucleus of fact. Costantini, 681 F.2d at 1201–02 (9th Cir. 1982). With two separate lawsuits based on the same incident and involving substantially the same parties, it is axiomatic that the cases will involves substantially the same evidence and that a decision in one case would impair the prosecution of the other. Thus, the elements of the transaction test are satisfied. Id.

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." M.M., 681 F.3d at 1091 (9th Cir. 2012). This case is duplicative of 2:20-cv-00907 KJM CKD. In the interest of the competent administration of justice and judicial economy, it should be dismissed with prejudice in favor of the prosecution of the earlier filed lawsuit.

## II. Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it is duplicative of another case pending in this district.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 4, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE